WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Allen Leary,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-18-01633-PHX-JGZ (EJM)<br><br>**REPORT AND RECOMMENDATION** |

## I. Background

Petitioner filed this action on May 30, 2018 and filed his Amended Petition for Writ of Habeas Corpus on August 27, 2018. (Doc. 9). The Court ordered Respondents to file an Answer to the Amended Petition, which was due on December 11, 2018. The Court subsequently granted Respondents an extension until January 25, 2019. (Doc. 16).

Respondents filed another motion on January 11, 2019 requesting that the Court either order that the answer be due 40 days after Petitioner notified the Court of completion of his state PCR proceedings,[1] or, in the alternative, that the Court enter an order staying

---

[1] Petitioner filed his (second) notice of PCR in state court on January 17, 2018, prior to filing his petition in the instant action. Petitioner's second notice of PCR asserts claims for newly discovered material facts, significant change in the law, and actual innocence. (Doc. 21 Ex. I). Specifically, Petitioner alleges a change in wiretap law and that the Phoenix police supplied a fabricated phone record that was used to secure the criminal indictment against Petitioner.
    On November 5, 2018 Maricopa County Superior Court found Petitioner had failed to present a colorable claim for relief and dismissed Petitioner's PCR petition. (Doc. 21 Ex. K). On November 21, 2018, Petitioner filed a notice in superior court and a request for review with the Arizona Court of Appeals. (Doc. 21 Ex. L). The Court of Appeals website shows that Petitioner's petition for review was filed on December 3, 2018.
    On March 22, 2019 the undersigned reviewed the Arizona Court of Appeals docket.

this matter pending the outcome of the state PCR proceedings, or dismissing this matter without prejudice and with leave for Petitioner to refile his habeas petition upon completion of his state PCR proceedings. (Doc. 17). On January 14, 2019 the Court issued an Order granting Respondents an extension to file their answer by March 6, 2019. (Doc. 18).

On January 19, 2019 Petitioner filed a motion to deny the state's request for a stay and requested that this Court order Respondents to file an answer by the January 25, 2019 deadline or strike the answer. (Doc. 19). That same date, Petitioner also filed a motion to reconsider the Court's Order on Respondents' request for an extension of time. (Doc. 20).

On January 25, 2019 Respondents filed a motion for clarification and to stay deadline to file answer. (Doc. 21). Respondents request clarification from Petitioner as to whether he wants to: (1) proceed on his exhausted habeas claims and dismiss his unexhausted claims that are still pending in state court, or (2) dismiss his federal habeas proceedings without prejudice to allow him to complete his state court proceedings and then return to federal court. Alternatively, Respondents request that the Court stay and abey the federal proceedings until Petitioner's state court proceedings are completed.

The undersigned Magistrate Judge recommends this habeas action be stayed pending the exhaustion of Petitioner's claims currently being litigated in the Arizona Court of Appeals in his successive post-conviction petition. Because granting a stay may be beyond the lawful authority of a magistrate judge and, out of an abundance of caution, the undersigned proceeds by report and recommendation to the assigned District Judge, the Honorable Jennifer G. Zipps.[2]

---

As of this date, the Court of Appeals has not issued a decision on Petitioner's petition for review of the state court's dismissal of his second PCR proceedings.

[2] In *Navarro v. Ryan*, 2013 WL 1561111, at *1 (D. Ariz. Feb. 25, 2013), *report and recommendation adopted as modified*, 2013 WL 1561470 (D. Ariz. Apr. 12, 2013), this Court noted the following:

> "Motions to stay have not been held to be generically dispositive. However, where the effect of the motion is a denial of relief, it is considered dispositive." *Bishop v. Schriro*, 2009 WL 1749989, at *2 (D. Ariz. June 18, 2009) (citing *Reynaga v. Cammisa*, 971 F.2d 414, 416 (9th Cir. 1992) (when injunctive relief sought goes to the merits of plaintiff's action or a complete stay of an action, magistrate judge's orders under

## II. Law

Ordinarily, a district court may not grant a petition for a writ of habeas corpus filed by a petitioner in state custody unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). The exhaustion inquiry focuses on the availability of state remedies at the time the petition for writ of habeas corpus is filed in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Exhaustion of state remedies requires a petitioner in state custody to fairly present his federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see also Sanders v. Ryder*, 342 F.3d 991, 1000 (9th Cir. 2003), *cert. denied*, 541 U.S. 956 (2004).

In Arizona, unless a prisoner has been sentenced to death, the "highest court" requirement is satisfied if the petitioner has presented his federal claims to the Arizona Court of Appeals either on direct appeal or in a petition for post-conviction relief. *Crowell v. Knowles*, 483 F.Supp.2d 925 (D. Ariz. 2007).

A federal court may not "adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005) (citing *Rose v. Lundy*, 455 U.S. 509, 518–519 (1982)). In *Rhines*, however, the Supreme Court held that "a federal district court has discretion to stay [a] mixed petition

---

28 U.S.C. § 636(b)(1) (A) are precluded) ("Here, however, the magistrate did not recommend the imposition of a stay; rather, he imposed it himself. That order was beyond the magistrate [judge]'s authority: it was beyond his jurisdiction and was, in essence, a legal nullity.").

Just recently, this Court noted that "[t]he grant of a motion to stay may be deemed dispositive of a habeas petitioner's claims because it arguably effectively precludes some of the relief sought (e.g. the potential of immediate – or at least sooner – release from custody)." *Zepeda v. United States*, 2019 WL 885369, at *2 (D. Ariz. Feb. 14, 2019), *report and recommendation adopted sub nom.*, *Miguel Zepeda v. USA*, 2019 WL 859706 (D. Ariz. Feb. 22, 2019). And, in *Mitchell v. Valenzuela*, 791 F.3d 1166 (9th Cir. 2015), the Ninth Circuit held that a motion to stay in a § 2254 proceeding is generally, but not always, dispositive, and that when the motion is dispositive, the magistrate judge is without authority to hear and determine the motion to stay.

to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." *Id.* at 271–72. This discretion is to be exercised under "limited circumstances," *id.* at 277, because "routinely granting stays would undermine the [Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] goals of encouraging finality and streamlining federal habeas proceedings." *Blake v. Baker*, 745 F.3d 977, 981–82 (9th Cir. 2014); *see also Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000) ("It is true that a trial court has the inherent authority to control its own docket and calendar . . . At the same time, habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy . . . Consequently, although a short stay may be appropriate in a habeas case . . . we have never authorized, in the interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case.").

Section 2254 proceedings are governed by AEDPA, which imposes a one-year statute of limitations for the filing of a federal habeas petition. While that limitations period is tolled "during the pendency of a 'properly filed application for State post-conviction or other collateral review,' [28 U.S.C.] § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations." *Rhines*, 544 U.S. at 274–75. A stay under *Rhines* "eliminates entirely any [AEDPA statute of] limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" *King v. Ryan*, 564 F.3d 1133, 1140 (9th Cir. 2009).

### III. Analysis

Petitioner's motions (Docs. 19 and 20) suggest that Petitioner may be confused about what Respondents are requesting. Petitioner states that he is not planning to file a second habeas petition. However, the issue is not whether Petitioner is planning to file another federal habeas petition—it is the fact that Petitioner's second PCR proceedings are ongoing in state court, and thus Petitioner's claims in his habeas petition that relate to that second PCR petition are not yet exhausted. If Petitioner chose to proceed only on the exhausted claims in his current habeas corpus case, this Court would likely be unable to

consider any claims in his pending state proceedings unless Petitioner first obtained authorization from the Ninth Circuit Court of Appeals to file a second or successive habeas corpus case. 28 U.S.C. § 2244(b)(2), (3). To avoid having to later seek leave from the Ninth Circuit to file a second or successive habeas corpus case as to his pending state claims, Petitioner could voluntarily dismiss or seek to voluntarily dismiss his current habeas corpus case without prejudice by following the procedures set forth in Rule 41(a) of the Federal Rules of Civil Procedure. If he did so, he could file a new habeas corpus case that includes all of the claims he wants to raise, including claims from his pending PCR proceedings. However, although the one-year statute of limitations for filing a habeas corpus case is tolled during the pendency of a properly filed application for state post-conviction relief and a properly filed petition for review of the denial of Rule 32 relief, the one-year statute of limitations is not tolled for the period during the pendency of an *improperly filed* Rule 32 proceeding or an *improperly filed* petition for review. Thus, if Petitioner chose to voluntarily dismiss this habeas action and later file a new habeas corpus case, statute of limitations issues could potentially prevent Petitioner from timely filing a new habeas corpus petition.[3]

Therefore, the Court finds that it is appropriate to stay and abey this matter until the completion of Petitioner's state PCR proceedings. While *Rhines* instructs that "the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA [and that a] mixed petition should not be stayed indefinitely[,]" in the present

---

[3] *See Mitchell*, 791 F.3d at 1172 n.5 ("It is, of course, possible that in some cases a petitioner could successfully return to federal court after he exhausts his claims, even without a stay. For example, a petitioner whose petition is dismissed under *Lundy* could have time remaining on the AEDPA statute of limitations; that period is tolled during the pendency of 'a *properly* filed application for State post-conviction or other collateral review.' 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, he might exhaust his remaining claims and file a second habeas petition, all within the statute of limitations. But, because a petition may be deemed not 'properly' filed after years of litigation, *see, e.g., Evans v. Chavis*, 546 U.S. 189, 200, 126 S. Ct. 846, 163 L.Ed.2d 684 (2006), it is generally impossible for a petitioner to know *in advance* whether he will be successful in bringing his dismissed claims back to federal court. . . . Because of this *ex ante* danger that the petitioner will not be granted the benefit of statutory tolling for some unforeseen reason, the denial of a motion to stay and abey a habeas petition should be treated as presumptively dispositive of unexhausted claims.").

matter Petitioner began his second PCR proceedings before filing his habeas petition, and is presently only waiting for a decision from the Arizona Court of Appeals on his petition for review; thus, the stay will be limited in time. 544 U.S. at 277.

## IV. Recommendation

Accordingly, the undersigned magistrate recommends that the District Court enter an order GRANTING Respondents' Motion for Stay (Doc. 21) and DENYING Petitioner's Motions (Docs. 19 and 20). The undersigned further recommends that the District Court grant a limited-in-time stay until Petitioner's state PCR are complete, that Petitioner be required to file a notice with this Court following the Arizona Court of Appeals decision on his petition for review, and that Respondents be required to file their Answer within 40 days after Petitioner files his notice of the final disposition of his state court proceedings.

The undersigned expresses no opinion as to whether Petitioner's unexhausted claims are timely, procedurally defaulted, or subject to any exceptions. Nor does the undersigned express any opinion as to the merits of Petitioner's habeas claims.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed. R. Civ. P. 72(b). No reply to any response shall be filed. *See id.* If objections are not timely filed, then the parties' rights to de novo review by the District Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

**Dated this 26th day of March, 2019.**

Eric J. Markovich
United States Magistrate Judge