# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

David Allen Leary,

    Petitioner,

v.

Charles L Ryan, et al.,

    Respondents.

No. CV-18-01633-PHX-JGZ (EJM)

**ORDER**

Pending before the Court is Magistrate Judge Eric Markovich's Report and Recommendation (R&R) recommending that the District Court: 1) grant Respondents' Motion to Stay the Deadline to File an Answer (Doc. 21) pending exhaustion of Petitioner's claims in state court; 2) deny Petitioner's Motion to Deny Respondents' Request for a Stay (Doc. 19); and 3) deny Petitioner's Motion to Reconsider the Court's Order on Respondents' Request for an Extension (Doc. 20). Petitioner has filed an objection to the recommendation that the Court grant a stay in this case. (Doc. 23.) After considering the R&R and the arguments raised in Petitioner's objection, the Court will overrule the objection and adopt Judge Markovich's R&R.

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991) (*citing Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)). Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting de novo review of the Magistrate Judge's factual findings; the Court then may decide the dispositive motion on the applicable law. *Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979) (citing *Campbell v. United States Dist. Ct.*, 501 F.2d 196 (9th Cir. 1974)).

**DISCUSSION**

Petitioner filed an Amended Petition for Writ of Habeas Corpus on August 27, 2018. (Doc. 9.) The Court ordered Respondents to file an answer by December 11, 2018, and then granted an extension until January 25, 2019. (Doc. 16.) On January 11, 2019, Respondents filed another motion to either extend the time to file an answer or to stay the case pending the outcome in Petitioner's state court proceedings. Petitioner had filed his first state petition for post-conviction relief (PCR), which the Arizona Court of Appeals affirmed the denial of on April 16, 2018. (Doc. 17, pg. 2.) Petitioner filed a second PCR, however, on January 17, 2018, and as of the time of Respondents' second Motion to Extend or Stay, these claims had not been exhausted in the state system. (Doc. 17, pg. 4.) The unexhausted claims in Petitioner's successive PCR prompted Respondents' second motion.

Petitioner filed a motion opposing Respondents' request for a stay or extension, emphasizing that he did not plan to file a second federal habeas petition. (Doc. 19.) That same day, Petitioner filed a similar motion titled a Motion to Reconsider the State's Request for an Extension. (Doc. 20.) These filings prompted Respondents to file a Motion for Clarification from Petitioner as to whether he would prefer to: (1) proceed on only his exhausted habeas claims and dismiss his unexhausted claims still pending in state court, or to (2) dismiss his federal habeas petition without prejudice so as to be able to re-file following the exhaustion of the claims in his second PCR. (Doc. 21.) Respondents requested that if Petitioner did not wish to either proceed on his exhausted claims only or

to have his Petition dismissed without prejudice, the Court stay proceedings pending the outcome of Petitioner's successive PCR before the Arizona Court of Appeals. (*Id.*)

Petitioner objects to Magistrate Judge Markovich's recommendation that the Court stay this habeas proceeding pending exhaustion of Petitioner's claims currently before the Arizona Court of Appeals. In his objection, Petitioner contends that the Court should proceed with his habeas petition because, though not all of his claims have been exhausted pursuant to 28 U.S.C. § 2254(b)(1)(A), his claims are properly before the Court because "there is an absence of available State corrective process," and "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Because Petitioner's objection appears to suggest that he would like the Court to entertain all claims contained in his Petition, including those in his second PCR, and because Petitioner does not demonstrate that his claims are excused from the exhaustion requirement under § 2254(b)(1)(B), the Court will adopt the Magistrate Judge's recommendation.

A habeas petitioner may be excused from exhausting a given claim where (1) "there is an absence of available State corrective process," or (2) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii); *see also Alfaro v. Johnson*, 862 F.3d 1176, 1180 (9th Cir. 2017). "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). "[A] petitioner may be excused from exhausting state remedies if the highest state court has recently addressed the issue raised in the petition and resolved it adversely to the petitioner, in the absence of intervening United States Supreme Court decisions on point or any other indication that the state court intends to depart from its prior decisions." *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981). A petitioner "may not bypass the state courts," however, "simply because he thinks they will be unsympathetic to the claim." *Engle v. Isaac*, 456 U.S. 107, 130 (1982).

Petitioner contends that there is an absence of available corrective process, or at

least that the available process is ineffective to protect his rights, for two primary reasons. He first argues that because the Arizona Court of Appeals denies so many appeals, regardless of the merits of the case, the corrective process is "extremely broken and in desperate need of repair." (Doc. 23, pg. 2.) Petitioner also points to a handful of what in his view are his most meritorious post-conviction claims and argues that their denial in the state court system demonstrates that the process is ineffective. (Doc. 23, pgs. 3-6.) Neither of these arguments warrant excuse from the exhaustion requirement. The state courts have created a vehicle by which Petitioner has been able to present his claims, and have reviewed or are reviewing his claims for merit. Whether the outcome in the Arizona court system is ultimately favorable for Petitioner or not, the state is entitled to the first opportunity to remedy any constitutional violations. *See, e.g.*, *Sweet*, 640 F.2d at 236; *Sherwood v. Tomkins*, 716 F.2d 632, 633 (9th Cir. 1983). This Court can then consider Petitioner's claims regarding any oversights or errors made in the state courts' review.

On May 7, 2019, the Arizona Court of Appeals rendered a memorandum decision on Petitioner's Second PCR. This Court thus orders that the case be stayed pending issuance of the mandate and any further pursuit of state court review by Petitioner.

## CONCLUSION

IT IS ORDERED that the Report and Recommendation (Doc. 22) is ADOPTED.

IT IS FURTHER ORDERED that Respondents' Motion to Stay the Deadline to File an Answer (Doc. 21) is GRANTED, pending final resolution of Petitioner's successive PCR in state court.

IT IS FURTHER ORDERED that Petitioner's Motion to Deny Respondents' Request for a Stay (Doc. 19) is DENIED as moot.

IT IS FURTHER ORDERED that Petitioner's Motion to Reconsider the Court's Order on Respondents' Request for an Extension (Doc. 20) is DENIED as moot.

//

//

IT IS FURTHER ORDERED that this case be referred back to Magistrate Judge Markovich.

Dated this 13th day of May, 2019.

_____
Honorable Jennifer G. Zipps
United States District Judge